# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Nationwide Mutual Insurance Company, an Ohio company, | Case No. 2:24-cv-00830-APG-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Edward Y. Kim, an individual; Victoria Leavitt, an individual, | |
| Defendants. | |

Before this Court is a joint motion to appoint a guardian ad litem for Defendant Edward Kim by Plaintiff Nationwide Mutual Insurance Company and Defendant Victoria Leavitt ("the parties"). ECF No. 30. Following the undersigned's minute order requesting additional information, Nationwide filed a supplement. ECF No. 32. For the reasons discussed below, this Court grants the joint motion and refers this case to the pro bono program for appointment of pro bono counsel.

## I. BACKGROUND

This matter involves a dispute based on a condominium insurance policy issued to Kim by Nationwide. ECF No. 1-3 at 7. Leavitt alleges that Kim, whom she was dating at the time, kidnapped and physically and sexually abused her at his condominium during the policy period. *See* ECF No. 1-2. Leavitt filed a civil case in early 2024 in the Eighth Judicial District Court[1] for which Nationwide agreed to provide Kim a defense under a reservation of rights. *Id.*; ECF No. 30 at 2.

A few months later, Nationwide initiated this case seeking declaratory judgment and reimbursement for fees and costs expended on Kim's behalf in the state civil action. ECF No. 1.

---

[1] *Victoria Leavitt v. Edward Kim*, Case No. A-24-885907-C.

Nationwide contends that it owes no coverage for Kim's actions based on the policy language and exclusions. *Id*.

There is also a criminal proceeding in the Eighth Judicial District Court[2] against Kim. *Id*. The state court judge has found him incompetent to stand trial on three separate occasions: June 7, 2024 (ECF No. 30-2), November 26, 2024 (ECF No. 30-3), and May 23, 2025 (ECF No. 30-4). In the first order finding Kim criminally incompetent, the judge considered "the reports of Doctors Lawrence Kapel and Greg Harder, licensed and practicing psychologists and/or psychiatrists in the State of Nevada." ECF Nos. 30-2, 30-3, 30-4. She then committed Kim to the custody of the Administrator of the Division of Public and Behavioral Health of the Department of Health and Human Services because he was a danger to himself and the community. ECF No. 30-2.

In the second order, the judge considered additional medical reports—those of doctors Timothy Ebright, Sarah Damas, and Lisa Foerster (all licensed and practicing physicians and/or psychiatrists in Nevada). ECF No. 30-3. She determined that Kim was incompetent to stand trial, that there was substantial probability that he would attain competency to stand trial in the foreseeable future, and that recommitment was required. *Id.* The judge reached this same conclusion in her third order approximately six months later.

Based on the state judge's findings of incompetency, the parties stipulated to stay this case pending the appointment of a guardian ad litem for Kim. ECF No. 23. The district judge assigned to this case then ordered the parties to file a status report regarding whether a guardian had been or was about to be appointed in state court. ECF No. 26. The parties represented that a guardian had not been appointed in the state civil case and that no application to appoint a guardian had been made. ECF No. 27. They subsequently filed the present joint motion for a determination of whether Kim is incompetent and, if so, for an order protecting his interests and appointing a guardian ad litem if necessary. ECF No. 30.

---

[2] *State of Nevada v. Edward Young Kim*, Case No. C-24-380834-1.

This Court then ordered the parties to supplement the joint motion to provide additional information or documentation of incompetency; proposed findings of fact; and proof that Kim's family had been notified of the request to appoint a guardian ad litem. ECF No. 31. The parties complied and stated that they do not possess additional documents or information. ECF No. 32. The parties further certified that Kim's counsel in the state civil action spoke to his family. ECF No. 32-1. They are aware of the pending cases, including this one, but have not indicated whether they are willing to serve as guardian ad litem or will hire counsel. *Id.* Kim's family has not reached out to counsel in this case. *Id.* The parties state that they will make all possible efforts to assist this Court in appointing a family member, next of friend, or other representative as guardian ad litem should someone come forward. *Id.*

## II.   DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 17(c) governs the protection of incompetent or minor persons. Fed. R. Civ. P. 17(c); *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). Courts interpret the term "incompetent person" in Rule 17(c) to refer to "a person without the capacity to litigate under the law of his state of domicile" under Rule 17(b). *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990); *Golin v. Allenby*, 135 F. App'x 978, 979 (9th Cir. 2005) (citing Rule 17(b) in regard to a district court's determination that a person was incompetent). Nevada law[3] defines incapacity to be sued in a civil case where a defendant "is unable to receive and evaluate information or make or communicate decisions to such an extent that the person lacks the ability to meet essential requirements for physical health, safety or self-care without appropriate assistance." Nev. Rev. Stat. § 159.019.

Rule 17(c) requires the court to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "Although the court has broad discretion and need not appoint a guardian ad litem if it determines [that] the person is or can be otherwise adequately protected, it is under a legal

---

[3] Defendant Kim is a resident of the State of Nevada. ECF No. 1.

obligation to consider whether the person is adequately protected." *U.S. v. 30.64 Acres of Land,More or Less, Situated in Klickitat County, St. of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). Where no possible guardian ad litem can be identified, the Ninth Circuit has provided the following guidance:

> We are sensitive to the limited supply of individuals willing to represent clients like Davis and we readily acknowledge that this placed the district court in a difficult predicament. Nonetheless, in addition to consulting with its Pro Bono Coordinator, the court could have "sought counsel, made inquiry of the bar associations, or inquired as to whether law schools that may have clinical programs or senior centers with social workers would be willing to undertake the necessary representation." *Powell v. Symons,* 680 F.3d 301, 308 (3d Cir. 2012). If no suitable guardian was found, the court could have placed Davis on a waiting list for guardian ad litem services or provided Davis the opportunity to renew his motion if he or the court identified a suitable individual willing to serve as guardian. If the court determined that a stay order was still an appropriate solution, the court might have engaged in periodic case management conferences to reassess Davis's competency or monitor his search for a guardian. Alternatively, the court could have appointed counsel pursuant to 28 U.S.C. § 1915(e)(1), which would have likely been sufficient. *See Krain v. Smallwood,* 880 F.2d 1119, 1121 (9th Cir.1989). This list is not exhaustive—the district court had many options available that would have adequately protected Davis's interests and satisfied the court's obligations under Rule 17(c).

*Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014).

## B.  Kim is incompetent under NRS 159.019

Incompetency in the criminal context is defined as lacking "the present ability" to "[u]nderstand the nature and purpose of the court proceedings" or "[a]id and assist the person's counsel in the defense at any time during the proceedings with a reasonable degree of rational understanding." Nev. Rev. Stat. § 178.400(2). In the civil context, a defendant is incompetent where he "is unable to receive and evaluate information or make or communicate decisions to such an extent that the person lacks the ability to meet essential requirements for physical health, safety or self-care without appropriate assistance." Nev. Rev. Stat. § 159.019. A finding of criminal incompetency, specifically that the person cannot understand the court proceedings or assist counsel in his defense, therefore supports a finding that the incompetent person "is unable to receive and evaluate information or make or communication decisions" under the civil statute.

Still, the inability to receive/evaluate/communicate must be to such an extent that the person lacks essential requirements for physical health, safety, or self-care without assistance. *Id.* Here, the state court judge—on all three occasions—committed Kim to the custody of the

Administrator of the Division of Public and Behavioral Health of the Department of Health and Human Services because he was a danger to himself and to society. ECF Nos. 30-2, 30-3, 30-4. These commitment orders support finding that Kim's inability to receive/evaluate/communicate was to such an extent that Kim could not meet the requirements for safety without assistance. Therefore, in light of the state court's multiple findings that Kim is criminally incompetent *and* a danger to himself and to society, this Court finds Kim civilly incompetent under NRS 159.019.

### C. This Court appoints pro bono counsel to protect Kim's interests

Having determined that Defendant Kim is unrepresented and incompetent under Nevada law, this Court must appoint a guardian ad litem or issue another appropriate order to protect his interests. Fed. R. Civ. P. 17(c)(2). Kim's family is aware of the criminal and civil cases but has not stepped forward to serve as guardian ad litem in any case. Neither this Court nor counsel is aware of anyone else who could serve as guardian ad litem. Accordingly, this Court refers the case to the pro bono program for appointment of pro bono counsel, subject to confirmation of financial eligibility. It finds that such appointment will adequately protect the interests of Kim in this case. *See Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014)**.**

### III. CONCLUSION

**IT IS ORDERED** that the joint motion to appoint a guardian ad litem for Defendant Kim (ECF No. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is referred to the pro bono program adopted in the Third Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for Kim. The Clerk of Court is kindly directed to forward this Order to the pro bono liaison.

DATED: August 26, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE